20174—Ralph L. Kohn v. City of Canton et; error to Stark Appeals. Cope, Hart & Drukenbrod, Canton, and Hart & Koehler, Alliance, for pltf; J. E. Kinnison, Canton, for defts.

20175—R. L. Garland v. E. P. Speidel; motion for Stark Appeals to certify. K. L. Cobourne, Salem, and F. E. Hunter, Alliance, for pltf; Hart & Koehler, Alliance, for deft.

### NOV. 18, 1926

20176—J. Bell Smith v. City of Fremont; in mandamus. H. Fry, D. B. Love, H. C. DeRan, Fremont, for pltf; H. Garn, J. G. Stout, Fremont, for deft.

### NOV. 19, 1926

20177—Constance Peterson v. Wilfred P. Arms; motion for Mahoning Appeals to certify. Moore, Barnum & Hammond, Youngstown, for pltf; Kennedy, Manchester, Conroy & Ford, Youngstown, for deft.

### NOV. 20, 1926

20178—Thomas McCone v. Joint Board of County Commissioners of Wood and Hancock Counties; motion for Wood Appeals to certify. E. D. Bloom, Bowling Green, for pltf; E. M. Fries, Bowling Green, for deft.

20179—Otis Davidson v. City of Columbus. Motion for Franklin Appeals to certify. Humes & Cupp, Delaware, for plft; C. A. Leach, B. Evans, Columbus, for deft.

### NOV. 22, 1926

20180—D. C. Keller et v. Western Union Telegraph Co.; motion for Logan Appeals to certify. Miller & Middleton, Bellefontaine for pltf; Vorys, Sater, Seymour Pease, Columbus, for deft.

20181—M. J. Rose Co. v. Elmer P. Ross; motion for Summit Appeals to certify. C. M. Myers, Akron, for pltf; Lahrmer & Hadley, Akron, for deft.

### NOV. 23, 1926

20182—Peter Nappi and Fannie Nappi v. Mathew W. Wilson; motion for Franklin Appeals to certify. J. G. Price and W. J. Ford, Columbus, for pltfs; C. M. Addison, Columbus, for deft.

20183—State of Ohio, ex rel. John R. King v. Brice Briggs, Auditor; in mandamus. J. R. King and R. E. Hughes, Columbus, for pltf.

20184—State of Ohio ex rel John R. King v. R. E. Eveland, Auditor; in mandamus. J. R. Kink and R. E. Hughes, Columbus, for pltf.

20185—Scottdale Machinery and Mfg. Co. v. Tillotson & Woolcott Co.; motion for Cuyahoga Appeals to certify. Maurer, Bolton & McGliffin, Cleveland, for pltf; Tolles, Hogsett & Ginn, Cleveland, for deft.

# THIS WEEK'S DIGEST
## Cases Published in the Abstract

### 27. ACTIONS.

Two actions cannot be maintained in the same suit when one is in conversion and the other in trespass, and it is error for the trial judge to fail to strike one cause of action even though damages were recovered upon one cause alone. Athens Coal Co. v. Tracy. OA. 4 Abs. 780.

### 61. ALIBI.

Alibi is no defense but is merely evidence introduced for the purpose of attempting to prove that defendant was not guilty of the crime charged. Winsor v. State. OA. 4 Abs. 784.

### 85. APPEALS.

To justify reversal verdict must be manifestly against weight of evidence. Cincinnati Trac. Co. v. Schmidt. OA. 4 Abs. 779.

See 1235. Verdicts; 167. Bonds.

### 103. ASSESSMENTS.

Municipality, by virtue of 3812 GC. may levy assessments for street improvements against property belonging to board of education and being used for school purposes. Jackson, Treas. v. Board of Education. OS. 4 Abs. 789.

### 125. BALLOTS.

Where the Socialist Party had adopted a party emblem by virtue of 5014 GC., said emblem may properly appear on the ballot even though the candidates of such party were not nominated at the primary elections; but go on the ballot by petition. Party Emblems, In Re. Atty. Gen. 4 Abs. 785.

### 177. BONDS (Appeal).

An appeal bond conditioned that the appellants "will prosecute their appeal to effect and without unnecessary delay," is not without consideration and void where an attempt was made to perfect the appeal and thereby the appellee was prevented from issuing execution to collect the judgment, even though on motion of appellee the appeal was dismissed for want of jurisdiction. Donnelly Co. v. Fidelity & Cas. Co. OA. 4 Abs. 778.

See 85. Appeal.

### 208. CARRIERS.

The Commission, in determining whether or not public convenience and necessity requires a change in motor transportation service, shall consider whether the public proposed to be served by such change, has or has not adequate common carrier transportation service independent of proposed change. Scioto Valley Ry. Co. v. P. U. C. OS. 4 Abs. 790.

### 221. CHAMPERTY.

An assignment of rights and interest of lessors to the lessee of a coal lease in prosecuting an action for damages, is not champertous even though the lessors would recover but $250 out of the $16,000 claimed. Athens Coal Co. v. Tracy. OA. 4 Abs. 780.

### 225. CHARGE TO JURY.

It is not error for the trial court not to charge on the subject of alibi where no law is involved in the evidence thereof. Winsor v. State. OA. 4 Abs. 784.

It is error for a court to charge that the wilful acts of an employee are the wilful acts of an employer when the employer neither knows about nor ratifies such acts. Athens Coal Co. v. Tracy. OA. 4 Abs. 780.

Reading from an amended petition only to inform jury of allegations in plaintiff's petition cannot be included as part of a charge and is not error. Cincinnati Trac. Co. v. Schmidt. OA. 4 Abs. 779.

### 243. CLERK OF COURT.

Deputy clerk of courts may act as stenographer to prosecuting attorney when same can be done without, in some degree, neglecting the duties of the other office. Joint Offices, In Re. Atty. Gen. 4 Abs. 785.

### 301. CONTRIBUTORY NEGLIGENCE.

Is one who goes upon tracks of railroad company at place where safety gates and a watchman are maintained and neither the gates were down nor the watchman attentive to duty, guilty of contributory negligence when she fails to stop, look and listen? B. & O. Rd. Co. v. Kasky. OS. Pend. 4 Abs. 787.

### 355. DAMAGES.

The measure of damages in a mining case for wilful conversion is the value of the coal at the tipple and not on floor of mine. Athens Coal Co. v. Tracy. OA. 4 Abs. 780.

Verdict of $5000 is not excessive for the wrongful death of a healthy vigorous child of eight. Cincinnati Trac. Co. v. Schmidt. OA. 4 Abs. 779.

### 362. DEBTOR AND CREDITOR.

Where a person is employed by another and has stock come into his possession belonging to such other, having loaned money to the owner of the stocks, and such stocks are held on security for the loan, the relationship is not that of principal and agent but of debtor and creditor. State v. Channer et. OS. 4 Abs. 788.

### 456. EMPLOYER & EMPLOYE. See 225. Charge to Jury.